

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
OCT 2 7 2006
J. T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NORRIS C. GREEN                                             PETITIONER

VERSUS                          CIVIL ACTION NO. 3:06cv531TSL-JCS

STATE OF MISSISSIPPI                                        RESPONDENT

### ORDER

This matter comes before this court, sua sponte, for consideration of the transfer of this cause. The petitioner, an inmate currently incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, filed this request for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner states that on September 20,1991, he was convicted of attempted strong armed robbery in the Circuit Court of Hinds County, Mississippi. Petitioner was sentenced to life without parole or probation in the custody of the Mississippi Department of Corrections.

The petitioner has previously filed for habeas relief in this court challenging the same conviction, Green v. State, 3:98cv53TSL-JCS (S.D. Miss. Nov. 18, 1999). (Petition p.2). On November 18, 1999, this court entered a final judgment [19-1]which dismissed the action with prejudice in accordance with the judgment [17-1] entered by the United States Court of Appeals in Green v. State, No. 98-60799 (5th Cir. Oct. 5, 1999).

A petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate court of

appeals for an order authorizing the district court to consider the second or successive motion.  28 U.S.C. § 2244(b)(3)(A).  In the case at bar, the petitioner has failed to submit any documentation demonstrating that he has obtained the required authorization from the United States Court of Appeals for the Fifth Circuit.  Therefore, this court has determined that in the interest of justice, this cause should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination whether this successive or second petition should be allowed.  See In Re Epps, 127 F.3d 364 (5th Cir. 1997);  28 U.S.C. § 1631.  Accordingly, it is hereby,

ORDERED that this petition for habeas corpus relief be, and the same hereby is, transferred to the United States Court of Appeals for the Fifth Circuit.

IT IS FURTHER ORDERED that the clerk of this court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

SO ORDERED, this the __26th__ day of October, 2006.

_____
UNITED STATES DISTRICT JUDGE

2


SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
OCT 2 7 2006
J. T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NORRIS C. GREEN                                                  PETITIONER

VERSUS                         CIVIL ACTION NO. 3:06cv531TSL-JCS

STATE OF MISSISSIPPI                                    RESPONDENT

### ORDER

This matter comes before this court, <u>sua sponte</u>, for consideration of the transfer of this cause. The petitioner, an inmate currently incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, filed this request for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner states that on September 20,1991, he was convicted of attempted strong armed robbery in the Circuit Court of Hinds County, Mississippi. Petitioner was sentenced to life without parole or probation in the custody of the Mississippi Department of Corrections.

The petitioner has previously filed for habeas relief in this court challenging the same conviction, <u>Green v. State</u>, 3:98cv53TSL-JCS (S.D. Miss. Nov. 18, 1999). (Petition p.2). On November 18, 1999, this court entered a final judgment [19-1]which dismissed the action with prejudice in accordance with the judgment [17-1] entered by the United States Court of Appeals in <u>Green v. State</u>, No. 98-60799 (5th Cir. Oct. 5, 1999).

A petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate court of

appeals for an order authorizing the district court to consider the second or successive motion.  28 U.S.C. § 2244(b)(3)(A).  In the case at bar, the petitioner has failed to submit any documentation demonstrating that he has obtained the required authorization from the United States Court of Appeals for the Fifth Circuit.  Therefore, this court has determined that in the interest of justice, this cause should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination whether this successive or second petition should be allowed.  See In Re Epps, 127 F.3d 364 (5th Cir. 1997);  28 U.S.C. § 1631.  Accordingly, it is hereby,

ORDERED that this petition for habeas corpus relief be, and the same hereby is, transferred to the United States Court of Appeals for the Fifth Circuit.

IT IS FURTHER ORDERED that the clerk of this court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

SO ORDERED, this the __26th__ day of October, 2006.

_____
UNITED STATES DISTRICT JUDGE

2